1  Derek A. Newman, State Bar No. 190467
   derek@newmanlaw.com
2  John Du Wors, State Bar No. 233913
   john@newmanlaw.com
3  NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
   801 Century Park East, Suite 2400
4  Los Angeles, CA 90067
   Telephone:  (310) 385-5955
5  Facsimile:   (310) 385-5956

6  Attorneys for Plaintiffs
   SPARKNET HOLDINGS, INC. and
7  SPARKNET COMMUNICATIONS, L.P.

8

9

10

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

11

12

13  SPARKNET HOLDINGS, INC., a          Case No.
    Nevada corporation,
14  SPARKNET COMMUNICATIONS, L.P.,      **COMPLAINT FOR DAMAGES**
    a Nevada partnership,                **AND INJUNCTIVE RELIEF**

15                Plaintiffs,

16          v.

17  ROBERT PERRY, an individual,
    KRIS SWEETON, an individual,
18  INDIE RANCH MEDIA, INC., a
    Colorado corporation,
19  NETMIX BROADCASTING
    NETWORK, INC., an unknown entity,
20  and JOHN DOES 1-5;

21                Defendants.

22          SPARKNET HOLDINGS, INC. And SPARKNET COMMUNICATIONS,

23  L.P. (together "SparkNet" or "Plaintiff") hereby alleges for its complaint against

24  Robert Perry ("Perry"), Kris Sweeton a/k/a DJ Trance ("Sweeton"), INDIE

25  RANCH MEDIA, INC. ("Indie Ranch"), a Colorado corporation, and NETMIX

26  BROADCASTING NETWORK, INC ("NetMix"), an unknown entity,

27  (collectively, "Defendants") upon personal information as to Plaintiff's own

28  activities, and upon information and belief as to the activities of others, as follows:

---

1

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## I.   NATURE OF ACTION

1.     Plaintiff owns the trademarks JACK.FM for streaming of audio material on the Internet (United States Trademark Registration No. 3089418), and JACK FM for radio broadcasting services, internet broadcasting services, audio streaming over the internet, and video streaming over the internet (United States Trademark Registration No. 3009396) (together, the "Jack Marks").

2.     Defendants are unlawfully using Plaintiff's Jack Marks in connection with internet audio streaming and radio broadcasting services, in violation of Plaintiff's senior rights in and to the Jack Marks.

3.     Defendants provide a competing service via their website at <<netmix.fm>> at which they offer a streaming audio channel named "The Buzz."

4.     Defendants market "The Buzz" to radio stations in direct competition with Plaintiff and its authorized licensees as featuring content "provided by our partner Jack FM."

5.     Plaintiff brings this action because it is suffering substantial harm as a result of Defendants' infringement and Defendants' unfair business practices associated therewith.  Defendants' conduct was and is calculated to cause injury to Plaintiff in California.

## II.   JURISDICTION

6.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the action involves claims arising under the Lanham Act, 15 U.S.C. § 1051 et seq.

7.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because (i) there is complete diversity of citizenship between the Plaintiff and Defendants, and (ii) the amount in controversy exceeds $75,000.

8.     This Court has personal jurisdiction over Defendants because Defendants conduct business in California in a systematic and continuous manner.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    9.    This Court also has personal jurisdiction over Defendant pursuant to

2    the California long arm statue, Cal. Civ. Proc. Code § 410.10.  By way of example,

3    and not limitation, Defendants' specific contact with California giving rise to this

4    action includes its intentional conduct (*e.g.*, its unlawful use of the Jack Marks in

5    California) calculated to cause injury to Plaintiff and its licensees in California.

6    10.    Venue for this action is proper under 28 U.S.C. § 1391 in the United

7    States District Court for the Central District of California at Los Angeles because

8    this is the judicial district in which a substantial part of the events or omissions

9    giving rise to the claims alleged herein occurred, and because Defendants are

10    subject to personal jurisdiction in this judicial district.

### III.    PARTIES

11    11.    Plaintiff SPARKNET HOLDINGS, INC. is a Nevada corporation.

12    12.    Plaintiff SPARKNET COMMUNICATIONS, L.P. is a Nevada

13    limited partnership.

14

15    13.    Defendant Robert Perry is a resident of New York.

16    14.    Defendant Kris Sweeton is a resident of California.

17    15.    Defendant INDIE RANCH MEDIA, INC. is a Colorado corporation

18    and the owner of NetMix.

19    16.    Defendant NETMIX BROADCASTING NETWORK, INC., is an

20    unknown entity.  On information and belief, Defendant Sweeton is the founder of

21    NetMix and Defendant Perry is the vice president of marketing for NetMix.

22    17.    Plaintiff is unaware of the true names and capacities of defendants

23    sued herein as JOHN DOES 1-10 and therefore sues those defendants by such

24    fictitious names.  Plaintiff will amend this complaint to allege their true names and

25    capacities when ascertained.  Plaintiff is informed and believes and on that basis

26    alleges that each of the fictitiously named defendants is responsible in some

27    manner for the occurrences herein alleged, and that Plaintiff's injuries as herein

28    alleged were proximately caused by such defendants.  These fictitiously named

1  defendants, along with the named defendants, are referred to collectively herein as

2  "Defendants."

3       18.   Each defendant aided and abetted the actions of the other defendants

4  set forth below, in that each defendant had knowledge of those actions, provided

5  assistance and benefitted from those actions.  Each of the defendants was the agent

6  of each of the remaining defendants, and in doing the things hereinafter alleged,

7  was acting within the course and scope of such agency and with the permission and

8  consent of the other defendants.

9

10                        **IV.   FACTS**

11  **A.   Plaintiff's Trademark Use**

12       19.   Plaintiff, its predecessor, and their licensees and sublicensees, have

13  used the Jack Marks exclusively and continuously in commerce in the United

14  States since at least May 1, 2001 for radio programming services that include radio

15  broadcasting and the streaming of Internet radio broadcasts.

16       20.   Plaintiff uses the Jack Marks in connection with their unique radio

17  programming package, which bears the brand JACK FM.

18       21.   The JACK FM branded product is widely recognized as the most

19  successful radio format launched in the past 20 years, and the Jack Marks enjoy

20  extensive goodwill and recognition in connection with it.  This nationwide

21  recognition has resulted in extensive unsolicited media coverage.

22       22.   The Jack Marks are an integral component of the JACK FM branded

23  product, which is known for its distinctive iconoclasm and irreverence. The Jack

24  Marks represent radio stations offering genre-bending, fresh, and continually

25  surprising content.  The Jack Marks are now recognized across the country by

26  radio consumers and trade professionals as identifying the single source of the

27  unique JACK FM product and the high quality programming services Plaintiff and

28  its licensees offer.

23.     As popular newspapers and magazines across America recognize, the Jack Marks have achieved a high level of recognition and secondary meaning among consumers who associate it with Plaintiff's JACK FM product.

24.     SparkNet and its predecessor in interest have licensed the Mark to radio stations throughout the U.S., including stations in Aspen/Vail, Baltimore, Chicago, Dallas, Denver, Indianapolis, Jackson (MS), Kansas City, Las Vegas, Los Angeles, Minneapolis, Nashville, New York, Salt Lake City, San Diego, and Seattle.  SparkNet's negotiations with other prospective licensees continue.  Based on the success of the JACK FM product associated with the Jack Marks, the number of radio stations seeking licenses to use the Jack Marks is growing rapidly, and SparkNet expects to add many new stations.

**B.    Defendants' Infringement of the Jack Marks**

25.     Defendant NetMix provides internet audio broadcasts at its website located at <<http://www.netmix.fm>>.  Defendant Sweeton is the creator and owner of Defendant NetMix.  Defendant Perry is the vice president of marketing of Defendant NetMix.

26.     Defendant NetMix provides several different channels of audio content, including a channel featuring classic rock referred to as "The Buzz".  Defendant NetMix also syndicates and offers to syndicate its audio content, including content available on The Buzz, to commercial radio stations.

27.     On information and belief, Defendants NetMix and Indie Media, through Defendants Sweeton and Perry, promote The Buzz by claiming that it is provided by "our partner Jack FM" and that the The Buzz's audio content is merely relabelled from JACK FM to The Buzz.

28.     Defendants first began use of the Jack Marks years after Plaintiff began using the Jack Marks in interstate commerce.

29.     Defendants' use of the Jack Marks is likely to cause, and actually causes, confusion among consumers regarding the source and quality of

1  Defendants' services.  Because consumers associate the Jack Marks with Plaintiff,
2  Defendants' use of the Jack Marks causes consumers to believe that SparkNet is
3  the source of radio programming services offered by Defendants.  Accordingly,
4  Defendants are unfairly diverting business away from Plaintiff.

5       30.    As a result of this confusion, consumers and audio content licensees
6  including radio stations, are associating the Jack Marks with a format that does not
7  have the quality of the JACK FM product.

8       31.    In addition, Defendants have enjoyed sales of advertising and other
9  monetary and non-monetary benefits that they would not otherwise have obtained
10  but for its use of the Jack Marks.

11       32.    Defendants' acts alleged herein have been willful and have been taken
12  with full knowledge of Plaintiff's rights and with the intent to appropriate benefits
13  to which Defendants are not entitled.

14       33.    Defendants' unlawful actions have caused and continue to cause
15  irreparable injury to Plaintiff, and if those actions are not stopped the harm to
16  Plaintiff will increase.

17       34.    Plaintiff has no adequate remedy at law.

19  **V.   FIRST CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES ACT**
20  **CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200**

21       35.    Plaintiff incorporates the allegations set forth in paragraphs 1 through
22  34 above as though fully set forth herein.

23       36.    California Business & Professions Code §§ 17200 et seq. Declares
24  unfair competition unlawful and defines unfair competition as, inter alia, "any
25  unlawful, unfair, or fraudulent business act or practice."

26       37.    Defendants' unauthorized use of Plaintiff's Jack Marks to establish a
27  business in direct competition with Plaintiff, constitutes one or more unlawful,
28  unfair, or fraudulent business acts or practices in violation of Business &

Professions Code §§ 17200 et seq.

38.   The acts alleged herein are unfair and detrimental to Plaintiff.

39.   By engaging in the conduct alleged herein, Defendants are violating, and unless enjoined will continue to violate, Business & Professions Code §§ 17200 et seq. as a result.

40.   Plaintiff has been harmed as a result of Defendants' actions, and unless Defendants are enjoined from engaging further in the conduct alleged herein, Plaintiff wil continue to be harmed as a result.

## VI.   SECOND CAUSE OF ACTION
## INTERFERENCE WITH BUSINESS RELATIONS

41.   Plaintiff incorporates the allegations set forth in paragraphs 1 through 40 above as though fully set forth herein.

42.   Plaintiff is in the business of developing, marketing, licensing, and providing consulting services relating to audio streaming content to radio stations.

43.   Defendants are intentionally and unfairly soliciting business from Plaintiff's customers and potential customers by offering them content they claim is "provided by Jack FM."

44.   Defendants are using Plaintiff's Jack Marks to develop and promote a business in direct competition with Plaintiff.

45.   Defendant Perry had actual knowledge of Plaintiff's business, business relationships, and potential business relationships at the time he took the actions described herein.

46.   Through the actions described in paragraphs 42, 43, and 44 above, Defendants intentionally interfered with, with malice, Plaintiff's relationships with clients and potential client, and induced and caused potential clients of Plaintiff to refrain from conducting business with Plaintiff.

47.   Plaintiff has been harmed as a result of Defendants' actions, and unless Defendants are enjoined from engaging further in the conduct alleged

1   herein, Plaintiff will continue to be harmed as result.

2   **VII.   THIRD CAUSE OF ACTION**
    **TRADEMARK INFRINGEMENT**
3   **15 U.S.C. §§ 1051, et seq.**

4   48.   Plaintiff incorporates the allegations set forth in paragraphs 1 through

5   47 above as though fully set forth herein.

6   49.   Defendants are using the Jack Marks in conneciton with their offering

7   of Internet and radio broadcasting services.

8   50.   Defendants' use of the Jack Marks is likely to cause, and actually

9   causes, consumer confusion as to the source, sponsorship or authorization of

10  Defendants' internet broadcasting services by Plaintiff.

11  51.   Defendants' actions constitute trademark infringement in violation of

12  § 32 of the Lanham Act, 15 U.S.C. § 1114, *inter alia*.

13  52.   As a result of Defendants' conduct, Plaintiff has suffered irreparable

14  harm to its reputation and goodwill, and unless Defendants are restrained and

15  enjoined, Plaintiff will continue to suffer this harm from Defendants' conduct.

16  **VIII.  FOURTH CAUSE OF ACTION**
    **UNFAIR COMPETITION**
17  **PURSUANT TO 15 U.S.C. § 1125**

18  53.   Plaintiff incorporates the allegations set forth in paragraphs 1 through

19  52 above as though fully set forth herein.

20  54.   Defendants' use of the Jack Marks is misleading to consumers, and is

21  likely to cause confusion or mistake, or to deceive as to i) the affiliation,

22  connection, or association of Defendants with Plaintiff and/or ii) the origin,

23  sponsorship, or approval of Defendants' internet broadcasting services.

24  55.   Defendants' conduct constitutes unfair competition.

25  56.   As a result of Defendants' conduct, Plaintiff has suffered irreparable

26  harm to its reputation and goodwill, and unless Defendants are restrained and

27  enjoined, Plaintiff will continue to suffer this harm from Defendants' conduct.

28

## IX.    FIFTH CAUSE OF ACTION
### TRADEMARK DILUTION
### PURSUANT TO 15 U.S.C. § 1125

57.    Plaintiff incorporates the allegations set forth in paragraphs 1 through 56 above as though fully set forth herein.

58.    Plaintiff's Jack Marks are famous.

59.    Defendants' use of the Jack Marks is willful, and began after Plaintiff's Jack Marks became famous.  Through their conduct, Defendants are tarnishing, and are likely to tarnish, the Jack Marks.

60.    Through their conduct, Defendants are also blurring, and are likely to blur, the distinctiveness of the Jack Marks.

61.    Therefore, Defendants are diluting the Jack Marks.

62.    As a result of Defendants' conduct, Plaintiff has suffered irreparable harm to its reputation and goodwill, and unless Defendants are restrained and enjoined, Plaintiff will continue to suffer this harm from Defendants' conduct.

## X.    SIXTH CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN
### PURSUANT TO 15 U.S.C. § 1125(a)

63.    Plaintiff incorporates the allegations set forth in paragraphs 1 through 62 above as though fully set forth herein.

64.    Plaintiff's Jack Marks are distinctive marks that are associated with Plaintiff and exclusively identify Plaintiff's services.

65.    Defendants have used and continue to use the Jack Marks in connection with goods or services, in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of such goods or services.

66.    As a result of Defendants' conduct, Plaintiff has suffered, and unless Defendants are restrained and enjoined, Plaintiff will continue to suffer this harm from Defendants' conduct.

# XI.   SEVENTH CAUSE OF ACTION
## TRADEMARK COUNTERFEITING
## PURSUANT TO 15 U.S.C. § 1114(1)

67.   Plaintiff incorporates the allegations set forth in paragraphs 1 through 66 above as though fully set forth herein.

68.   Defendants' use in commerce of Plaintiff's Jack Marks or indistinsguishable variations thereof is likely to cause confusion, mistake, or to deceive.

69.   The above-described acts of Defendants constitute trademark counterfeiting pursuant to 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

70.   Defendants have unfairly profited from the infringing actions alleged herein.

71.   By reason of Defendants' acts, Plaintiff has suffered damage to the goodwill associated with Plaintiff's Jack Marks.

72.   Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

73.   By reason of Defendants' acts, Plaintiff's remedy at law is insufficient to compensate them for the injuries inflicted by Defendants.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

74.   By reason of Defendants' use of the Jack Marks alleged herein, Plaintiff is entitled to recover Defendants' profits, actual damages, and the costs of this action pursuant to 15 U.S.C. § 1117.

75.   Alternatively, by reason of Defendants' willful use of the Jack Marks, Plaintiff is entitled to recovery statutory damages under 15 U.S.C. § 1117, on election by Plaintiff, in an amount of up to $1,000,000 for each counterfeit use of the Jack Marks.

76.   This is an exceptional case entitling Plaintiff to an award of its attorneys' fees pursuant to 15 U.S.C. § 1117.

## XII.   EIGHTH CAUSE OF ACTION
### COMMON LAW UNFAIR COMPETITION

77.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 76 above as though fully set forth herein.

78.     Defendant engaged in the use of the Jack Marks for the purpose of deceiving the public.

79.     Defendants are Plaintiff's business rivals.

80.     Defendants' use of the Jack Marks has improperly induced the consumption of Defendants' services conferring on Defendants benefits properly belonging to Plaintiff.

81.     Defendants have, through their unfair competitive practices, induced the public to believe that the services Defendant offers are the services of Plaintiff.

82.     Consequently, Defendants have thereby appropriated to themselves the value of the reputation which Plaintiff acquired for its own services.

83.     Defendants' conduct as alleged herein constitutes unfair competition against Plaintiff.

84.     As a result of Defendants unfair competition, Plaintiff has suffered, and unless said conduct is restrained and enjoined will continue to suffer, harm to their business, including loss of revenue, customers, and goodwill.

## XIII.  RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.     Injunction.  That, pursuant to 15 U.S.C. § 1116, *inter alia*, the Court issue a preliminary and permanent injunction restraining and enjoining Defendants, and their agents, servants, employees, attorneys, and related companies and all persons acting for, with, by, through or under them, and each of them, from:

   a.     using in any manner the trademarks JACK FM, JACK.FM, and any other term or terms likely to cause confusion therewith;

      b.    using the trademark JACK FM, JACK.FM, and any other term or terms likely to cause confusion therewith, in a manner likely to create the erroneous belief that Defendants' goods or services are authorized by, sponsored by, licensed by or in any way associated with Plaintiff; and

      c.    otherwise engaging in any other acts or conduct that would cause consumers erroneously to believe that Defendants' goods or services are somehow sponsored by, authorized by, licensed by, or in any way associated with Plaintiff.

2.    <u>Compensatory Damages in Amount of Plaintiff's Loss</u>.  That Defendants be required to pay to Plaintiff all damages sustained.

3.    <u>Compensatory Damages in Amount of Defendants' Gain</u>.  That Defendants be required to account for and pay to Plaintiff all monetary benefits obtained by reason of its unlawful acts alleged herein.

4.    <u>Statutory Damages</u>.  That Defendants be required to pay statutory damages under 15 U.S.C. § 1117(c), on election by Plaintiff, for each counterfeit use of the Jack Marks, in an amount of up to $100,000 for each counterfeit use, and that that amount be increased to up to $1,000,000 for each counterfeit use of the Jack Marks due to the willful nature of Defendants' counterfeiting.

5.    <u>Punitive Damages</u>.  That Defendants be required to pay punitive damages.

6.    <u>Attorneys' Fees and Costs</u>.  That the Court award Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a), *inter alia*.

7.    <u>Treble Damages</u>.  That the Court award Plaintiff three times the amount of its actual damages pursuant to 15 U.S.C. § 1117(a), *inter*

1     *alia.*

2         8.     <u>Other Equitable Relief</u>.  That Plaintiff receive such other and further

3     relief as the Court may deem appropriate.

4

5     Dated this 23rd day of December 2008.

6

7                     Respectfully Submitted,

8                     **NEWMAN & NEWMAN,**

9                     **ATTORNEYS AT LAW, LLP**

10         By:

11                     Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com

12                     John Du Wors, State Bar No. 233913
john@newmanlaw.com

13                     801 Century Park East, Suite 2400
Los Angeles, CA 90067

14                     Telephone:   (310) 385-5955
Facsimile:    (310) 385-5956

15                     Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

### 2:CV08- 8510 GHK (PLAx)

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Derek A. Newman, State Bar No. 190467
John Du Wors, State Bar No. 233913
Newman & Newman, Attorneys at Law, LLP
801 Century Park East, Suite 2400
Los Angeles, CA  90067
(310) 385-5955

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPARKNET HOLDINGS, INC., SPARKNET COMMUNICATIONS, L.P.<br><br>PLAINTIFF(S)<br><br>v.<br><br>ROBERT PERRY, KRIS SWEETON, INDIE RANCH MEDIA, INC., NETMIX BROAD CASTING NETWORK, INC., JOHN DOES 1-5<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-8510 GHK PLAx<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):   _____

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Derek Newman_____, whose address is _801 Century Park East, Suite 2400, Los Angeles, CA  90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

**DEC  2 3 2008**

Dated: _____   By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Derek A. Newman, State Bar No. 190467
John Du Wors, State Bar No. 233913
Newman & Newman, Attorneys at Law, LLP
801 Century Park East, Suite 2400
Los Angeles, CA 90067
(310) 385-5955

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPARKNET HOLDINGS, INC., SPARKNET COMMUNICATIONS, L.P.<br><br>PLAINTIFF(S)<br><br>v.<br><br>ROBERT PERRY, KRIS SWEETON, INDIE RANCH MEDIA, INC., NETMIX BROAD CASTING NETWORK, INC., JOHN DOES 1-5<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-8510 GHK PLAx<br><br><br>SUMMONS |

TO:     DEFENDANT(S): _____

        A lawsuit has been filed against you.

        Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Derek Newman_____, whose address is _801 Century Park East, Suite 2400, Los Angeles, CA 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                  Clerk, U.S. District Court

Dated: DEC 2 3 2008
_____

                            By: _____
                               LA'REE HORN
                                  Deputy Clerk

(Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)]._

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SPARKNET HOLDINGS, INC., a Nevada corporation; SPARKNET
COMMUNICATIONS, L.P.

**DEFENDANTS**
ROBERT PERRY, an individual; KRIS SWEETON, an individual; INDIE
RANCH MEDIA, INC., a Colorado corporation; NETMIX BROADCASTING
NETWORK, INC., an unknown entity; and JOHN DOES 1-5

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)
Derek Newman and John Du Wors, Newman & Newman, Attorneys at Law,
LLP, 801 Century Park East, Suite 2400, Los Angeles, CA  90067  (310)
385-5955

Attorneys (If Known)

**BY FAX**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION** under F.R.C.P. 23: ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1125 - Trademark Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV08-8510

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>SPARKNET HOLDINGS, INC., a Nevada corporation; SPARKNET COMMUNICATIONS, L.P. | DEFENDANTS<br>ROBERT PERRY, an individual; KRIS SWEETON, an individual; INDIE RANCH MEDIA, INC., a Colorado corporation; NETMIX BROADCASTING NETWORK, INC., an unknown entity; and JOHN DOES 1-5 |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Derek Newman and John Du Wors, Newman & Newman, Attorneys at Law, LLP, 801 Century Park East, Suite 2400, Los Angeles, CA 90067 (310) 385-5955 | Attorneys (If Known) |

| II. BASIS OF JURISDICTION (Place an X in one box only.) | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only<br>(Place an X in one box for plaintiff and one for defendant.) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. § 1125 - Trademark Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | SPARKNET HOLDINGS, INC., Nevada<br>SPARKNET COMMUNICATIONS, L.P., Nevada |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | ROBERT PERRY, New York; KRIS SWEETON, Los Angeles; INDIE RANCH MEDIA, INC., Los Angeles; NETMIX BROADCASTING NETWORK, INC., Los Angeles |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Los Angeles |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _John Van Loben_   Date  December 23, 2008

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |