William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Plaintiff
SPARKNET HOLDINGS, INC. and
SPARKNET COMMUNICATIONS L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPARKNET HOLDINGS, INC., a Nevada corporation, SPARKNET COMMUNICATIONS, L.P., a Nevada partnership,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT PERRY, an individual, KRIS SWEETON, an individual, INDIE RANCH MEDIA, INC., a Colorado corporation, NETMIX BROADCASTING NETWORK, INC., an unknown entity, and JOHN DOES 1-5;<br><br>Defendants. | Case No.: CV 08-08510 GHK (PLAx)<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION FOR SHORTENING OF MEET AND CONFER PERIOD FOR MOTION FOR RECONSIDERATION** |

## *EX PARTE* APPLICATION PRELIMINARY STATEMENT

Plaintiffs respectfully request a shortening of the meet and confer time period provided for in Local Rule 7-3 in connection with Plaintiffs' anticipated motion for reconsideration. Because the threshold question of Plaintiff's legal representation will necessarily affect the proceedings, accelerating the hearing on Plaintiffs' motion is in the best interest of all parties.

## NOTICE OF *EX PARTE* APPLICATION

On July 9, 2009, notice of this *ex parte* was provided by electronic mail to Pamela Koslyn, counsel for Defendant Robert Perry and Nina Ameri, counsel for Indie Ranch Media, Inc. and Netmix Broadcasting Network, Inc. Defendant Perry opposes this *ex parte* application. As of the time this *ex parte* application was filed, Indie Ranch Media and Netmix Broadcasting Network had not notified the undersigned of their position. Declaration of William A. Delgado, dated July 10, 2009, at ¶¶ 2-4.

Ms. Koslyn's contact information is as follows: Pamela Koslyn, Pamela Koslyn Law Offices, 6255 Sunset Blvd., Suite 714, Hollywood, CA 90028-7408, Tel: 323-467-2200, Fax: 323-517-2283, E-mail: pkoslyn@koslynlaw.com.

Ms. Ameri's contact information is as follows: Nina Nahal Ameri, Abrams Garfinkle Margolis Bergson, 5900 Wilshire Blvd Suite 2250, Los Angeles, CA 90036 Tel: 310-300-2900, Fax: 310-300-2901, E-mail: nameri@agmblaw.com.

## STATEMENT OF FACTS

On June 16, 2009, this Court disqualified Derek Newman and the law firm of Newman & Newman from representing Plaintiffs in this matter. Plaintiffs, through their new counsel, intend to file a Motion for Reconsideration of Disqualification

Order, or, in the Alternative, for Certification to the Ninth Circuit ("Motion").  Delgado Decl. at ¶ 5.  Plaintiffs' new counsel met and conferred with Perry's counsel, Pamela Koslyn, about such a motion and the basis for that motion on July 8, 2009.  *Id*.

Pursuant to Local Rule 7-3, which contains a "20 day hold period", the Motion cannot be filed until July 28, 2009 in which case the Motion would be heard on August 24, 2009.  By virtue of this *ex parte*, Plaintiff seeks to advance the hearing date of the Motion by reducing the this meet-and-confer "hold period" from 20 days to 12 days so that Plaintiffs' Motion can be filed on July 20, 2009 and heard on August 10, 2009 (a full two weeks earlier than the schedule currently permits).

## **ARGUMENT**

Although the prototypical application for *ex parte* relief arises in cases of dire emergency (i.e. "the ship is leaving the harbor"), *ex parte* requests to shorten the briefing and hearing schedule of a motion are also appropriate when an earlier resolution of the underlying motion would be beneficial.  For example, *Stewart v. Wachowski*, discusses a situation where the plaintiff lodged a motion for reconsideration of the court's denial of an extension of the case management dates, and an *ex parte* application to shorten the time for hearing of the motion.  *Stewart v. Wachowski*, 2005 WL 6186374 *4 (C.D. Cal. 2005).  Judge Morrow granted the *ex parte* application and considered the motion for reconsideration on an expedited basis.  *Id.*; *cf. U.S. ex rel. Holder v. Special Devices, Inc.*, 296 F. Supp. 2d 1167 (C.D. Cal. 2003) (granting *ex parte* request to shorten time for hearing on Motion to Continue Trial Date).

Here, it would be beneficial to address Plaintiffs' anticipated Motion earlier rather than later.  Plaintiffs' legal representation is a fundamental issue that necessarily affects the litigation as whole.  "[A] counsel's…disqualification, which cannot be immediately appealed, can cause great harm to a litigant."  *Cole v. U.S. Dist. Court for*

1  *Dist. of Idaho*, 266 F.3d 813, 817 (9th Cir. 2004). Plaintiffs' very brief Motion will be
2  premised on this argument: that the Ninth Circuit's decision in *Christensen v. U.S.*
3  *Dist. Court*, 844 F.2d 694 (9th Cir. 1988) holds that the "substantial relationship test"
4  (upon which Perry's Motion for Disqualification was based and which the Court
5  considered in its Order) is *not* applicable in this case because Perry is assumed to have
6  been aware that any information he shared with Newman (and his firm) would have
7  been shared with Plaintiffs.
8       The advantage to reducing the meet-and-confer "hold period" is obvious: the
9  Court can more quickly consider the *Christensen* case and determine whether it
10 applies. If it does, and the Court grants Plaintiffs' Motion, Plaintiffs will once again
11 have counsel of their choice at an earlier point in the proceedings. On the other hand,
12 reducing the "hold period" from 20 days to 12 days has no disadvantage, even if the
13 Court ultimately denies the Motion. Counsel for Perry will still have more than ample
14 time to read the *Christensen* case to determine whether Perry wants to oppose
15 Plaintiffs' Motion at all. And, because Plaintiffs are not asking for an expedited
16 briefing schedule, there is no prejudice to Perry in actually preparing an opposition to
17 the Motion itself if he so chooses.
18      That said, if the Court agrees that hearing Plaintiffs' Motion earlier would be
19 beneficial, Plaintiffs are also amenable to an expedited briefing schedule where
20 Plaintiffs—and not Perry—would bear the brunt of the expediency. For example, upon
21 an order from this Court, Plaintiffs would immediately file their Motion. Plaintiffs
22 would have no objection to Perry having a full week to oppose the Motion as is
23 typically the case. But, Plaintiffs would agree to file their reply within three (3) days.
24 The hearing could then proceed on whatever day was most convenient for the Court,
25 or, if the Court believed that oral argument was not necessary, the Motion could be
26 resolved based on the parties' filings. This proposal would advance the hearing date on
27 Plaintiffs' Motion even further which would beneficial to everyone by addressing the
28 issue of *Christensen* as quickly as possible.

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the meet and confer hold period be reduced in this matter from 20 days to 12 days so that Plaintiffs' Motion can be heard on a more expeditious basis. Resolving the Motion sooner rather than later is in the interests of the litigants and judicial expediency.

DATED: July 10, 2009         WILLENKEN WILSON LOH & LIEB LLP


By: */s William A. Delgado*                    .
    William A. Delgado
    Attorneys for Plaintiff
    SparkNet Holdings, Inc. and
    SparkNet Communications, L.P.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

I also served this document electronically on the following e-mail addresses: pkoslyn@koslynlaw.com; nameri@agmblaw.com.

Respectfully submitted this 10th day of July 2009.

                 WILLENKEN WILSON LOH & LIEB LLP


By: */s William A. Delgado* .
    William A. Delgado
    Attorneys for Plaintiff
    SparkNet Holdings, Inc. and
    SparkNet Communications, L.P.