William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Plaintiffs and Counter-Defendants
SPARKNET HOLDINGS, INC. and
SPARKNET COMMUNICATIONS L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPARKNET HOLDINGS, INC., a Nevada corporation, SPARKNET COMMUNICATIONS, L.P., a Nevada partnership,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT PERRY, an individual, KRIS SWEETON, an individual, INDIE RANCH MEDIA, INC., a Colorado corporation, NETMIX BROADCASTING NETWORK, INC., an unknown entity, and JOHN DOES 1-5;<br><br>Defendants. | Case No.: CV 08-08510 GHK (PLAx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER ON DISQUALIFICATION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: August 24, 2009<br>Time: 9:30 a.m.<br>Judge: The Honorable George H. King |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 24, 2009, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable George H. King, located in Courtroom 650 at 255 E. Temple Street, Los Angeles, California, Plaintiffs SparkNet Holdings, Inc. and SparkNet Communications, L.P. (together, "SparkNet") will, and hereby do, move the Court to reconsider its Order on Disqualification of Derek Newman and the Newman Law Firm.

This motion is made on the grounds that the Ninth Circuit's opinion of *Christensen v. United States Dist. Court for Cent. Dist.*, 844 F. 2d 694, 698 (9th Cir. 1988) applies to the facts in this case. To wit, *Christensen* provides that the "substantial relationship" test, on which Perry's Motion to Disqualify was premised and which the Court considered in its Order, does not apply in a situation like this one where joint clients are presumed to know that any information they share with their joint attorney will be shared with the other client such that future disqualification of that attorney would not be proper.

This Motion is based upon this Notice, the supporting Memorandum of Points and Authorities, upon the entire record on file in this action, and upon any other or further papers filed or arguments made in support of the motion at or before the hearing thereon.

This motion was made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 8, 2009.

DATED: July 28, 2009                    WILLENKEN WILSON LOH & LIEB LLP

By: */s William A. Delgado* .
William A. Delgado
Attorney for Plaintiffs
SparkNet Holdings, Inc. and SparkNet Communications, L.P.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs SparkNet Holdings, Inc. and SparkNet Communications, L.P. (together "SparkNet") respectfully request this Court reconsider its June 16, 2009 Order ("Order") (Dkt. No. 67) granting Defendant Robert Perry's Motion to Disqualify Counsel ("Motion to Disqualify") (Dkt. No. 46).

This Court disqualified Sparknet's counsel, Derek A. Newman, and vicariously disqualified the law firm of Newman & Newman, on the basis that Newman formerly represented Perry in a matter substantially related to this lawsuit.  In its Order, the Court expressly elected to not consider the relationship between Newman and Sparknet at the time of Newman's former representation of Perry.  Instead, the Court applied the substantial relationship test and concluded the current matter is substantially related to the former representation, thus requiring disqualification.

But, Newman's former representation of Perry was a joint representation in which Newman also represented Sparknet.  Under Ninth Circuit law, the substantial relationship test does not apply where a former client has no reason to believe its information will *not* be shared with the other jointly-represented party.  Given that Newman's former representation of Perry was a joint representation of Perry and Sparknet for the express purpose of sharing information, Sparknet requests that this Court reconsider its Order and deny Perry's Motion to Disqualify.

In the alternative, should the Court deny SparkNet's request for reconsideration, SparkNet requests that the Court certify its order of denial for immediate appeal under 28 U.S.C. § 1292(b).

## II.   STATEMENT OF FACTS

Perry and Sparknet agree that Newman's prior representation of Perry was limited to Newman's joint representation of both Perry and Sparknet in previous litigation involving the trademarks in which both Perry and SparkNet held a pecuniary

interest (the "Jack Marks"): "Perry and [Sparknet's predecessor] together sued alleged infringers of the PLAYING WHAT WE WANT mark. Newman represented both Perry and [Sparknet's predecessor]". (Motion to Disqualify at 5). Perry further explains that his relationship with Newman was for the purpose of enforcing the marks in which both Perry and SparkNet had a financial interest. Perry explains that he signed a "Common/Joint Interest, Information Sharing and Confidentiality Agreement" (the "Information Sharing Agreement") for the purpose of permitting "the co-plaintiffs Perry and [SparkNet's predecessor] to share information." (Motion to Disqualify at 5).

The Information Sharing Agreement Perry signed specifically provided that the purpose of Newman's joint representation was to facilitate sharing confidential information between Perry and Sparknet's predecessor relating to litigation enforcing the Jack Marks:

> WHEREAS, the Clients are similarly situated in that they each have strong interests in the protection and enforcement of the Marks;
>
> WHEREAS, the Clients believe that infringement of the Marks will result in significant harm to their interests;
>
> WHEREAS, the Clients wish to seek advice and counsel from the Attorneys collectively in connection with the protection and enforcement of the Marks, including any claims against Fisher (collectively the "Disputes");
>
> WHEREAS, the Clients and their respective Attorneys hold confidential information and analysis, and will continue to acquire confidential information and analysis, that is and will be useful to the Clients and to the Attorneys in their effort to stop infringement of the Marks;
>
> WHEREAS, the Clients believe that the sharing of such information is necessary to the requests for, and rendering of legal advice to, the Clients; and
>
> **WHEREAS, the Parties would like to freely share information with one another without breaking attorney-client privilege, work product immunity, joint defense privilege, joint defense doctrine, pooled information doctrine, common interest rule, or any other applicable privilege or immunity related thereto.**

(Declaration of Robert Perry, filed May 7, 2009, at Ex 7.) (emphasis added).

-4-
MOTION FOR RECONSIDERATION

Furthermore, Perry and his attorney shared information relating to the Jack Marks directly with SparkNet's principal: "Perry and his primary counsel, Jeffrey Nogee, at Perry's direction, have supplied information and documents to Newman and to Perry's co-plaintiff, SparkNet, via its principal Patrick Bohn, regarding infringements and infringers, the licensing of the Jack Marks, and litigation strategy." (Motion to Disqualify at 7).

Finally, Perry acknowledges that his "longest and most in-depth conversation" involving Newman occurred during a conference call when he discussed the relative strengths and weaknesses of the claims and defenses against various third parties. (Perry Decl. at p. 4). But Perry admits that the attendees to that conference included Pat Bohn, Garry Wall, and SparkNet's corporate counsel. (*Id.*) Garry Wall and Pat Bohn were, and remain, the principals involved with SparkNet. (*Id*.)

In the context of Newman's former joint representation of Perry and Sparknet, Perry could not reasonably have believed that information provided to Newman would *not* have been shared with Sparknet. Rather, sharing Perry's information with SparkNet was a primary purpose of that joint representation.

## III. ARGUMENT

### A. Disqualification Is Not Appropriate Where the Previous Representation Was a Joint Representation Involving the Current and Former Client.

The Court noted in its Order that it did not consider the nature of the relationship between Sparknet and Perry "because the issue is Newman's relation to Defendant, not to Plaintiff". (Order, n. 2). However, under established Ninth Circuit precedent, Newman's relationship to Plaintiff Sparknet at the time of Newman's former representation of Defendant Perry has legal significance and requires a different outcome.

This Court applied the "substantial relationship" test prescribed by the Rules of Professional Conduct of the State Bar of California in determining whether to disqualify Newman. (Order at 2). But, in the Ninth Circuit, the substantial relationship

-5-

1   test is "inapplicable when the former client has no reason to believe that information
2   given to counsel will not be disclosed to the firm's current client." *Christensen v.*
3   *United States Dist. Court for Cent. Dist.*, 844 F. 2d 694, 698 (9th Cir. 1988).
4   　　　In *Christensen*, the Ninth Circuit vacated an order issued by the Central District
5   of California that improperly disqualified a law firm that had previously represented
6   the adverse party.  The law firm in that case, Wyman, and a Wyman partner,
7   Christensen, originally represented a management group, Amir, that took over a
8   corporation, BHSL.  *Id.*  During the period in which the management group controlled
9   BHSL, Christensen served as a director of BHSL.  *Id*.  BHSL entered bankruptcy and
10  the receiver sued Amir and Christensen on BHSL's behalf.  Wyman then appeared on
11  behalf of both Amir and Christensen.  *Id.*  The district court disqualified Wyman from
12  representing either Amir or Christensen on the grounds that Wyman had previously
13  represented BHSL and was therefore barred from representing another client in a
14  position adverse to BHSL.  The Ninth Circuit disagreed and held that Christensen
15  already "has access to any confidences previously revealed by BHSL [and that]
16  [d]isqualification would thus be futile in terms of furthering the purpose of the rule."
17  *Id.*  Accordingly, "[d]ue to the unique relationship between BHSL, Christensen, and
18  Wyman, there are no BHSL 'confidences' that could be inappropriately disclosed by
19  Wyman to Christensen." *Christensen*, 844 F.2d at 699.
20  　　　Similarly here, Perry knew that whatever information was provided to Newman
21  (assuming such information existed) would be disclosed to Sparknet.  The record is
22  clear that Newman's prior representation of Perry occurred in a joint representation in
23  which Newman represented both Sparknet and Perry in litigation relating to the Jack
24  Marks.  Under *Christensen*, the substantial relationship test is inapplicable because
25  Perry has no reason to believe that any information he provided to Newman would not
26  have been disclosed to Sparknet.  In fact, one of the principal purposes of that joint
27  representation was to facilitate the sharing of information between Perry and Sparknet.
28  As in *Christensen*, Perry has no confidences that Newman could inappropriately

-6-
MOTION FOR RECONSIDERATION

disclose to SparkNet. Perry's Motion to Disqualify Newman is not an attempt to enforce the California Rules of Professional Conduct but, rather, an improper attempt to deprive SparkNet of its long time counsel as a means of gaining an advantage in litigation.

B. <u>In the Alternative, this Court Should Certify Its Disqualification of Newman for Immediate Appeal</u>.

If the Court decides to not disturb its Order disqualifying Newman as SparkNet's counsel, SparkNet respectfully requests the Court enter an order certifying this issue for immediate appeal.

28 U.S.C. § 1292(b) permits this Court to certify an issue for immediate appeal if it involves a "controlling question of law" and an immediate appeal "may materially advance ultimate termination of the litigation". *Cole v. United States Dist. Court for the Dist. of Idaho*, 366 F.3d 813, 817 (9th Cir. 2004). Admittedly, whether an order granting attorney disqualification is certifiable under 28 U.S.C. § 1292(b) is not entirely clear in the Ninth Circuit. The *Christensen* court did not reach the issue:[1]

> This court has not decided whether certification under 28 U.S.C. 1292(b) is an appropriate means of reviewing an order granting disqualification. *Cf. Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347 (9th Cir. 1988) (order denying disqualification does not meet requirements of 1292(b)). In *Richardson*, the Supreme Court in dicta noted that certification may be appropriate. 472 U.S. at 435. We need not reach this issue because the district court here refused to certify the order.

844 F.2d at 697. A more recent Ninth Circuit decision, *Cole*, also did not reach the issue but merely noted that a district court in the Second Circuit had determined certification was not proper in connection with an order granting disqualification. *Cole v. U.S. Dist. Court for Dist. of Idaho*, 366 F.3d 813, 817 (9th Cir. 2004) (citing, but not

---

[1] The <u>Christensen</u> court did not need to review the district court's denial of certification to resolve the issue before it, but noted that an order disqualifying counsel coupled with a subsequent denial of certification on that issue provided grounds for mandamus relief. 844 F.2d at 697. The <u>Christensen</u> court subsequently reversed the lower court's decision. <u>Id</u>.

quoting or discussing, *Genentech, Inc. v. Novo Nordisk A/S*, 907 F. Supp. 97 (S.D.N.Y. 1995)).

In contrast, other courts have held that an order granting attorney disqualification is properly certifiable under Section 1292(b).  In *E. F. Hutton & Co. v. Brown*, the court determined that certification of an order of disqualification was appropriate because the disqualified attorney in that case had substantial experience with the underlying facts and any replacement counsel would likely require more discovery and retard the advancement of the case. *E.F. Hutton*, 305 F. Supp. 371, 403 (S.D. Tex. 1969).  Additionally, the *Christensen* court observed that the Supreme Court has noted, albeit in dicta, that certification may be appropriate in connection with an order of attorney disqualification.  *Christensen*, 844 F.2d at 697, n. 4 *citing Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 435, 86 L. Ed. 2d 340, 105 S. Ct. 2757 (1985).  As the Court has no doubt garnered, there is a long history between SparkNet and Perry. Accordingly, certification is appropriate here because the substitution of any other counsel for Newman will necessarily mean replacing SparkNet's counsel with an attorney much less familiar with the history of the individuals and facts relevant to the speedy judicial determination or settlement of this lawsuit.

//

//

## IV. CONCLUSION

Perry's earlier representation by Newman was part of a joint representation in which Newman also represented SparkNet. This Court's Order expressly did not consider the legal significance of Newman's relationship with SparkNet at the time he formerly represented Perry. Under established Ninth Circuit law, Perry is assumed to have been aware that any confidential information shared with Newman would have been shared with Sparknet. Therefore, the Court should reconsider its Order and deny Perry's Motion to Disqualify, or in the alternative, the Court should certify this issue for immediate appeal to the Ninth Circuit Court of Appeals under 28 U.S.C. § 1292(b).

DATED: July 28, 2009                    WILLENKEN WILSON LOH & LIEB LLP


By: */s William A. Delgado*                    .
   William A. Delgado
   Attorney for Plaintiffs
   SparkNet Holdings, Inc. and SparkNet
   Communications, L.P.

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Respectfully submitted this 28th day of July 2009.

DATED: July 28, 2009          WILLENKEN WILSON LOH & LIEB LLP

By: */s William A. Delgado* .
    William A. Delgado
    Attorney for Plaintiffs
    SparkNet Holdings, Inc. and SparkNet Communications, L.P.