PAMELA KOSLYN [SBN 120605]
pkoslyn@koslynlaw.com
LAW OFFICES OF PAMELA KOSLYN
6255 Sunset Blvd., Suite 714
Hollywood, California 90028-7408
Telephone    (323) 467-2200
Fax              (323) 517-2283

Attorneys for Defendant ROBERT B. PERRY

# United States District Court
# Central District of California

| | |
|---|---|
| SPARKNET HOLDINGS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT PERRY, an individual; et al., <br><br> Defendants. <br> ROBERT PERRY, <br><br> Counterclaimant, <br><br> v. <br><br> SPARKNET HOLDINGS, INC., SPARKNET COMMUNICATIONS, L.P., <br><br> Counterdefendants. | Case No. CV 08-8510-GHK (PLAx) <br><br> **OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER OF DISQUALIFICATION** <br><br> Date:    August 24, 2009 <br> Time:   9:30 a.m. <br> Judge:  Hon. George H. King |

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Following its frivolous and unsuccessful *ex parte* application to jump the line ahead of other litigants and have this Motion heard sooner, SparkNet's instant Motion for Reconsideration openly flouts the standards for such motions. Omitting mention of and ignoring this district's Local Rule 7-18, this Motion tries to make an argument about a 20 year old case it could have offered, but did not, in opposing Perry's Motion to Disqualify the Newman firm. It further cites to the Common/Joint Interest Agreement that was attached to Perry's Motion to Disqualify, and which again, was not the subject of any argument by SparkNet in its opposition to Perry's Motion to Disqualify. For this reason alone, the instant Motion should be denied as improper.

Substantively, also, the Motion is unworthy of consideration. Perry's Motion to Disqualify the Newman firm was based on Newman's conflict of interest due to Newman's successive representations, the instant one being adverse to Perry. Perry's Motion offered the Common/Joint Interest Agreement as an exhibit, and it contained no waiver by Perry of his right to seek Newman's disqualification. Perry's Motion to Disqualify specifically argued that there was no "joint client exception" to the prohibition against representation adverse to a former client. SparkNet opposed the motion, arguing that Perry was a client "in name only," that the successive representations were not similar, and that no confidential information was disclosed. This Court analyzed the issue as the parties had argued it, applying the "substantial relationship" test to Newman's successive representation, and based on such precedent, disqualified Newman and his firm. SparkNet disagrees with this Court's decision, and has now re-packaged its argument as error on the part of this Court, but there was no error.

Alternatively, SparkNet seeks this Court's certification of Newman's

LAW OFFICES OF PAMELA KOSLYN
6255 SUNSET BOULEVARD, SUITE 714
HOLLYWOOD, CALIFORNIA 90028-7408
(323) 467-2200

disqualification for immediate appeal. But this request, too, is made contrary to prevailing law in the Ninth Circuit, which does not deem the question of attorney disqualification a controlling one suitable for certification for appeal.

Despite these improprieties, SparkNet's Motion now wastes the Court's and opposing counsel's time yet again. This Court should deny this Motion in its entirety.

## ARGUMENT

### A. The Instant Motion Meets None of the Requirements for a Motion for Reconsideration as Set Out in Local Rule 7-18.

Local Rule 7-18 states:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any matter repeat any oral or written argument made in support of or in opposition to the original motion.

CA CD L.R. 7-18.

As noted, the instant Motion does not cite this Local Rule, either in its Notice, where it is typical to cite the governing statutes and laws as grounds for the motion, nor in the memorandum of Points and Authorities, where again, it is standard to quote the governing law. It does not appear, however, that SparkNet can meet any of the requirements for a motion for reconsideration in this district.

SparkNet cannot be relying on the first alternative —(a) a material

difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision— where, as here, SparkNet wants this Court to re-review a 20 year old case and a Common/Joint Interest Agreement which was attached to Perry's Motion to Disqualify (*see* Declaration of Robert Perry, ¶ 5, Exhibit 7, filed on May 7, 2009).

Similarly, SparkNet must not be seeking reconsideration on the grounds set out in the second part of Local Rule 7-18 —(b) the emergence of new material facts or a change of law occurring after the time of such decision— since again, it is relying on a case that is decades old (and does not stand for the proposition that such an agreement waives the client's right to the lawyer's duty of loyalty), and the "Common/Joint Interest Agreement" which was attached to Perry's Motion to Disqualify.

The third possibility open to SparkNet under Local Rule 7-18 —(c) a manifest showing of a failure to consider material facts presented to the Court before such decision— is perhaps what it is relying on.  SparkNet's instant Motion tries to argue that "the Court expressly elected to not consider the relationship between Newman and SparkNet at the time of Newman's former representation of Perry" (Motion, p. 3, lines 10-12) and "[t]he Court noted in its Order that it did not consider the nature of the relationship between SparkNet and Perry 'because the issue is Newman's relation to Defendant, not to Plaintiff." (Motion, p. 5, lines 20-22.).  This simply recasts its argument, which is really that the Court applied the wrong test for disqualification, into a contention that the Court failed to acknowledge the existence of the earlier joint representation.  But there can be no question that the Court well aware of this, referencing this fact in its' Order's factual summary. Court's Order, p. 1, 3rd paragraph (". . . Plaintiff and Defendant were represented by Newman as co-plaintiffs in two actions against other radio companies . . .").

LAW OFFICES OF PAMELA KOSLYN
6255 SUNSET BOULEVARD, SUITE 714
HOLLYWOOD, CALIFORNIA 90028-7408
(323) 467-2200

1    In determining motions made under Local Rule 7-18, whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion.  *See* Johnson v. ITT Industries, Inc., 41 Fed. Appx. 73, 74 (9th Cir. 2002) [holding that the district court did not abuse its discretion in denying plaintiffs' motion for reconsideration because the motion was based on information known to plaintiffs at the time their motion for an extension of time to oppose defendant's summary judgment motion was denied, and it was therefore improper under the Local Rules]; Daghlian v. Devry University, Inc., 582 F.Supp. 2d 1231, 1250 - 1251 (C.D. Cal. 2007, order denying reconsideration, 2008).

As this very Court remarked in Union Pacific R.R. Co. v. Coast Packing Co., 236 F.Supp. 2d 1130, 1137-1138 (C.D. Cal., 2002), "the moving party must demonstrate one of the above conditions in order to have us reconsider the motion. '[A] mere attempt by [the moving party] to reargue its position by directing this Court to additional case law and ... argument[s] which [it] clearly could have made earlier, but did not ... is not the purpose of motions for reconsideration under Local Rule 7-18.' " (citing Yang Ming Marine Transport Corp. v. Oceanbridge Shipping Int'l, Inc., 48 F.Supp. 2d 1049, 1057 (C.D. Cal. 1999).

*See also* Pegasus Satellite TV., Inc. v. DirecTV, Inc., 318 F.Supp. 2d 968, 981 (C.D. Cal. 2004) ["Under Local Rule 7-18, a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent"], cited in Aventis Pharms S A, et al v. Amphastar Pharmaceuticals, 2005 WL 5957795 (C.D. Cal.).  In Aventis, the court denied a motion to reconsider an order disqualifying an expert, holding that counsel's argument about the "level of relevance required to disqualify" the expert did not amount to a "manifest showing of failure to consider material facts" pursuant to Local Rule 7-18].  *See also* Selectron Industrial Co .v. Selectron International, 2007 WL 5913735 (C.D. Cal.).  In Selectron, a "revised" motion to enforce a

1 settlement agreement for purchase of two parcels of land was denied as
2 procedurally improper for failure to satisfy any of the grounds specified in Local
3 Rule 7-18.  The moving party's revised motion waived their right to one of the
4 parcels in an attempt to resolve their arbitrator's comment about removing an
5 ambiguity, and the court's characterization was that "defendants have merely
6 changed their position. . .defendant's 'waiver' with respect to [one of the parcels]
7 amounts to merely a new legal argument, and not a new 'material fact' that would
8 justify a motion for reconsideration."

Likewise, with this Motion, SparkNet asks this Court to forget its previous arguments about the "substantial relationship" test as applied to a lawyer who undertakes representation of an adverse party that is "substantially related" to the former representation.  This Motion now asks the Court to "reconsider" whether the representation was substantially related or not, and whether there was transmission of confidential information or not, Newman's representation of both Perry and SparkNet, because of the Common/Joint Interest Agreement, should not be put to the "substantial relationship" test.  This Court  need not indulge SparkNet's Motion made for the purpose of taking a second bite at the apple and allowing this party to continue presenting its case after the Court has ruled against it.  "Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).

### B. The Christensen Case Does Not Provide Grounds to Reverse Newmans' Disqualification.

This Court was well within its discretion in finding the application of the "substantial relationship" test appropriate to this situation.  While the Motion cites a single case that is more than 20 years old, Christensen v. United States Dist. Court for Cent. Dist., 844 F. 2d 694 (9th Cir. 1988) for the idea that such test does

not apply when "the former client has no reason to believe that information given to counsel will not be disclosed to the current client," Christensen was decided on its specific facts, and the "unique relationship" of those involved. In that case, the Ninth Circuit reversed the disqualification of a law firm, Wyman Bautzer Christensen, who was representing <u>one of its own name partners</u>, Terry Christensen, who was also a former director of an insolvent Beverly Hills bank, BHSL. BHSL's receiver, the Federal Savings and Loan Insurance Corporation, sued BHSL's two former management groups for mismanagement and various regulatory violations, and one of these defendant groups cross-complained against Christensen because of his directorship with the other group. The Wyman firm had a long history previously representing BHSL. The confidences in <u>Christensen</u> considered to be inevitable such that disqualification was futile were between that law firm and one of its partners. <u>Id.</u> at p. 699.

Here, on the other hand, in 2005, Newman was newly representing both Perry and SparkNet, and Perry and his primary counsel Nogee did not make disclosures to Newman with the expectation that Newman would share such confidences with SparkNet and then be able to turn around and represent SparkNet against Perry. SparkNet has offered no evidence of Perry's consent to Newman's use of such information against him, and the subject Common/Joint Interest Agreement has none.

### C. **The Common/Joint Interest Agreement Did Not Waive Perry's Right to Seek Newman's Disqualification.**

The instant Motion treats the Common/Joint Interest Agreement (<u>Declaration of Robert Perry</u>, Exhibit 7, filed May 7, 2009, in support of <u>Perry's Motion to Disqualify</u>) as evidence that Perry had consented to Newman's future representation of SparkNet in a suit against him, using confidential information gained in Newman's representation of the co-plaintiffs in the <u>Fisher</u> and

LAW OFFICES OF PAMELA KOSLYN
6255 SUNSET BOULEVARD, SUITE 714
HOLLYWOOD, CALIFORNIA 90028-7408
(323) 467-2200

Bonneville litigation. But that agreement has no disclosures of joint representation, nor any conflict waivers of Newman's continued and future representation of SparkNet.

In contrast, in Zador Corp. v. Kwan, 31 Cal. App. 4th 1285, 37 Cal. Rptr.2d 754, 756 (1995), Kwan signed an agreement regarding the joint defense of him and a co-party, which specified the risks associated with the joint defense, including loss of attorney-client privilege, and provided that:

> In the event of a dispute or conflict between you and the [co-party], there is a risk that we may be disqualified from representing all of you absent written consent from all of you at that time. We anticipate that if such a conflict or dispute were to arise, we would continue to represent the [other co-party]. Accordingly, we are now asking that you consent to our continued and future representation of the [co-party] and agree not to assert any such conflict of interest or to seek to disqualify us from representing the [co-party], notwithstanding any adversity that may develop.

After the lawyer withdrew from representing Kwan and then sued Kwan on behalf of the co-party, Kwan moved to disqualify his former attorney from continuing the adverse representation. The Zador court stated that the question of whether the attorney should be disqualified was limited to the scope of the clients' consent to the continued representation, and that Kwan's consent agreement was sufficiently explicit to justify a finding that Kwan had consented to the attorney's continued representation of the other party in the original action and in the cross-claim, including its express language where Kwan agreed not to seek disqualification of the attorney "notwithstanding any adversity that may develop."  *See also* Miller v. Alagna, 138 F.Supp.2d 1252, 1256 - 1257 (C.D. Cal. 2000), citing Zador and also involving another disqualification of the Christensen firm.

When lawyers seek to reserve such rights to represent longstanding clients (or new clients that they intend to be their primary clients) against co-clients

1  who the lawyers intend to make "secondary" clients, they need to acknowledge
2  that clients are clients, and that the ethical rules governing lawyers do not
3  distinguish between the relative importance of different classes of clients.  If such
4  lawyers want to avoid a disqualifying conflict in the representation of multiple
5  clients and continue to represent a favored client after withdrawing from the
6  representation of a second client, all they need to do is obtain the clients' consent
7  to any future conflict.  Failing that, the lawyer owes all clients the duties of
8  confidentiality and loyalty, untainted by any conflict of interest.
9        As noted in Perry's Motion to Disqualify, Perry had no fee agreement
10 with Newman (Perry's Reponse to Opposition to Motion to Disqualify, filed May
11 25, 2009, at p. 7, fn. 1), and SparkNet has made no claim that Perry has ever
12 waived any conflicts regarding Newman.  Indeed, the subject Common/Joint
13 Interest Agreement, which the instant Motion quotes at length, and which this
14 Court has presumably reviewed, says nothing about any waivers regarding any
15 current or future conflicts, and instead, reserves the parties' rights.  There is no
16 expression of Newman's intent, and Perry's express consent, that Newman could
17 continue to represent SparkNet, even in a suit against Perry.  That Common/Joint
18 Interest Agreement, if the intent had been to preserve Newman's right to represent
19 SparkNet, even against Perry, would have (1) disclaimed an attorney-client
20 relationship between Newman and Perry - in fact, Perry is defined as one of the
21 Clients; (2) repudiated the existence of any duty of loyalty from Newman to Perry;
22 (3) waived Perry's right to object to Newman acting adversely towards Perry in the
23 Fisher, Bonneville, or in any other litigation; (4) waived Perry's right to object to
24 Newman continuing to represent SparkNet in any action adverse to Perry; and (5)
25 waived Perry's right to seek the disqualification of Newman and the Newman firm
26 based on access to confidential materials.  It did none of that.
27
28

### D. **Disqualification of Counsel is Not a Controlling Question of Law in the Ninth Circuit, So This Court Should Not Certify Its Disqualification Order.**

Disqualification of counsel generally does not present a "controlling question of law," because resolution of the issue on appeal would not affect the outcome of the litigation, nor would an interlocutory appeal "materially advance" ultimate termination of the litigation, since the only effect would be to delay trial. Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988). The Motion admits it cannot cite to Ninth Circuit authority in support of its position, and its more recent decision, Cole v. United State Dist. Court for the Dist. of Idaho, 366 F.3d 813, 817, fn. 4 (9th Cir. 2004), may not have not reached the issue, but it expressed a lot of doubt: "Moreover, it is questionable whether certification of an interlocutory appeal on the disqualification of counsel was a permissible remedy here. [cites omitted.]"

### CONCLUSION

For the foregoing reasons, this Court should deny this Motion in its entirety.

Dated: August 10, 2009     Respectfully submitted,

Law Offices of Pamela Koslyn


By:   /pamela koslyn/
PAMELA KOSLYN
Attorneys for Def./Counterclaimant
ROBERT PERRY

LAW OFFICES OF PAMELA KOSLYN
6255 SUNSET BOULEVARD, SUITE 714
HOLLYWOOD, CALIFORNIA 90028-7408
(323) 467-2200