E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8510-GHK (PLAx) | Date | August 11, 2009 |
|---|---|---|---|
| Title | *Sparknet Holdings, Inc. v. Robert Perry, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers) Order re: Plaintiffs' Renewed Motion to Dismiss Counterclaim

This matter is before the Court on Plaintiffs Sparknet Holdings, Inc. and Sparknet Communications, L.P.'s (collectively "Plaintiffs") Motion to Dismiss Counterclaim ("Motion"). We have considered the papers filed in support of and opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

Plaintiffs move to dismiss Defendant Perry's third counterclaim for conversion on the alternative grounds that venue for this counterclaim is proper only in New York City, and that this counterclaim fails to state a claim.

According to the counterclaim, Perry and Plaintiffs executed three agreements. (Counterclaim 3.) In one of these agreements, the Memorandum of Agreement, Perry sold his rights in trademarks associated with the Jack FM radio brand ("Jack marks") to Sparknet Holdings, Inc. (*Id.*) In another agreement, the Consulting Agreement, Perry agreed to work for Sparknet Communications, L.P. as a consultant in exchange for 50% of the net revenue from the Jack marks with a $300,000 guaranteed minimum. (*Id.*) In the event that Plaintiffs did not pay Perry at least $300,000, Sparknet Communications, L.P. was required to transfer to Perry all the shares of Sparknet Holdings, Inc. for $1. (*Id.* at 3–4.) Because Sparknet Holdings, Inc. held the rights to the Jack marks, the effect of such a transfer would be to return the Jack marks to Perry in the event that Plaintiffs did not pay the minimum $300,000. (*Id.*)

Plaintiffs' improper venue argument is based on a choice of forum clause contained in the Consulting Agreement. (Motion 3, 12.) Perry does not challenge the validity of the clause, but rather argues that it is permissive, not mandatory. (Opp'n 7.) The clause states.

> 8.8     Governing Law and Attornment. This Agreement shall be governed as to all matters, including validity, construction and performance, by and under the laws of the State of New

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8510-GHK (PLAx) | Date | August 11, 2009 |
|---|---|---|---|
| Title | *Sparknet Holdings, Inc. v. Robert Perry, et al.* | | |

York.  The parties hereby irrevocably attorn and consent to the jurisdiction of the state and federal courts sitting in the City of New York.

(Motion 3.)

Because this clause states that the agreement "shall be governed" by New York law, we conclude that New York law controls the interpretation of the choice of forum clause.  *See, e.g., Yavuz v. 61 MM, Ltd*, 465 F.3d 418, 428 (10th Cir. 2006).

A choice of forum clause that requires the parties to submit to a forum's jurisdiction but does not contain further indication that the parties intended to make the forum exclusive is a permissive, rather than mandatory, choice of forum clause.  *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs.*, 22 F.3d 51, 52-53 (2d Cir. 1994); *Mena Films, Inc. v. Painted Zebra Productions, Inc.,* 2006 WL 2919517, 3 (N.Y. Sup. Ct., Oct. 10, 2006).  Plaintiffs cite *Cambridge Nutrition A.G. v. Fotheringham* for the proposition that a choice of forum clause that states that an agreement "shall" be governed by the laws of a forum and the parties submit to the jurisdiction of that forum is mandatory.  840 F. Supp. 299, 301 (S.D.N.Y. 1994).  However, that statement is dicta and the court cites no authority.  Moreover, the Second Circuit criticized a similar conclusion reached in another case.  *See John Boutari & Son*, 22 F.3d at 53 (criticizing *Asher v. Goldberg*, 775 F. Supp. 709, 711 (S.D.N.Y. 1991)).  Thus, a clause that requires a forum's law but shows no further indication that the forum is exclusive is a permissive, rather than mandatory, choice of forum clause.

Here, the choice of forum clause requires the Parties to submit to the jurisdiction of the New York courts.  However, there is no further indication that the Parties intended New York to be the exclusive forum for claims related to the Consulting Agreement.  Accordingly, we conclude that Perry's third counterclaim may be brought in this Court.

However, Perry's third counterclaim for conversion fails to state a claim because he never had possession of the Sparknet Holdings, Inc. stock.  *See Peters Griffin Woodward, Inc. v. WCSC, Inc.*, 88 A.D.2d 883 (N.Y. App. Div. 1982).

Perry argues that he is not required to have had prior possession of the stock in order to state a claim for conversion, so long as he has a current entitlement to the stock.  Perry quotes *Moses v. Martin* for its statement that "[c]onversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property."  360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004) (quoting *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 53 (2d Cir. 1993)).  There, the plaintiff worked as a celebrity wardrobe stylist, and the defendants were her manager and the management company.  *Id.* at 538.  The contract provided that the defendants would handle the logistical aspects of the plaintiff's business, including negotiating fees, billing, and processing payments.  *Id.*  The defendants were to collect the payments, keep 20%, and remit the remainder to the plaintiff.  *Id.*  Allegedly, the defendant intentionally failed to remit the entire amount due.  *Id.* at 539.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8510-GHK (PLAx) | Date | August 11, 2009 |
|---|---|---|---|
| Title | *Sparknet Holdings, Inc. v. Robert Perry, et al.* | | |

    We conclude that *Moses* is distinguishable because the disputed money always belonged to the plaintiff, and the defendants merely collected the money for her with no right to keep it themselves. Here, the Parties agree that the disputed stock belonged to Plaintiffs, and Perry's only alleged entitlement to it is purportedly as a result of the alleged breach of contract.

    Accordingly, Perry's third counterclaim for conversion is **DISMISSED**. Plaintiffs **SHALL** reply to the remainder of the counterclaims within **ten (10) days** hereof.

    **IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | Bea | |