William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Plaintiffs and Counter-Defendants
SPARKNET HOLDINGS, INC. and
SPARKNET COMMUNICATIONS L.P.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPARKNET HOLDINGS, INC., a Nevada corporation, SPARKNET COMMUNICATIONS, L.P., a Nevada partnership, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT PERRY, an individual, KRIS SWEETON, an individual, INDIE RANCH MEDIA, INC., a Colorado corporation, NETMIX BROADCASTING NETWORK, INC., an unknown entity, and JOHN DOES 1-5; <br><br> Defendants. | Case No.: CV 08-08510 GHK (PLAx) <br><br> **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER ON DISQUALIFICATION** <br><br><br> Date: August 24, 2009 <br> Time: 9:30 a.m. <br> Judge: The Honorable George H. King |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs SparkNet Holdings, Inc. and SparkNet Communications, L.P. (together "SparkNet") respectfully submit this reply memorandum of points and authorities in further support of their motion for reconsideration of this Court's June 16, 2009 Order ("Order") (Dkt. No. 67) granting Defendant Robert Perry's Motion to Disqualify Counsel ("Motion to Disqualify") (Dkt. No. 46).

## I.    INTRODUCTION

In disqualifying SparkNet's counsel, Derek A. Newman, and vicariously disqualifying the law firm of Newman & Newman, this Court expressly chose not to consider the relationship between Newman and SparkNet at the time of Newman's former representation of Perry.  Instead, the Court applied the substantial relationship test and concluded that the current matter is substantially related to the former representation, thus requiring disqualification.  Had the Court considered the material fact that Newman's former representation of Perry was a joint representation in which Newman also represented SparkNet, it would not have applied the substantial relationship test to the situation here.  Because the Court failed to consider this "material fact," SparkNet's motion for reconsideration is proper pursuant to Local Rule 7-18(c).

Even if that was not the case, Plaintiffs respectfully request the Court to exercise its discretion to consider application of the rule adopted by the Ninth Circuit in *Christensen v. United States District Court for Central District*, 844 F.2d 694 (9th Cir. 1988), to determine if reconsideration is appropriate.  It is undeniable that a party's right to be represented in litigation by his or her counsel of choice is a significant right. Because depriving a party of that right when the integrity of the judicial process is not in jeopardy would result in manifest injustice, reconsideration of the Order is appropriate.

In the alternative, should the Court deny SparkNet's request for reconsideration, SparkNet has requested that the Court certify its order of denial for immediate appeal

under 28 U.S.C. § 1292(b).  Certification is appropriate where, as here, replacing counsel who is intimately familiar with SparkNet as well as the underlying facts and issues involved would only delay the ultimate resolution of the action.

## II.    **ARGUMENT**

A motion for reconsideration "'opens up the judgement [sic] and permits the court to correct any error which comes to its attention because of such motion.'" *Pacific Bank v. Steinberg*, No. C 88-1721-TEH, 1988 WL 193275, at *1 (N.D. Cal. Jan. 19, 1988) (citations omitted).  "A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Abada v. Charles Schwab & Co., Inc.*, 127 F.Supp.2d 1101, 1102 (S.D. Cal. 2000). Here, SparkNet has requested that the Court reconsider the Order disqualifying Newman on the grounds that disqualification was determined to be appropriate based on the substantial relationship test, which does not apply here.

### A.    **Plaintiffs' Motion Is Proper Pursuant To Local Rule 7-18(c).**

Local Rule 7-18(c) provides, in part, that "[a] motion for reconsideration of the decision on any motion may be made" on the grounds of "(c) a manifest showing of a failure to consider material facts presented to the Court before such decision."  C.D. Cal. L.R. 7-18(c) (emphasis added).  Here, because the Court did not consider a material fact – that Newman's prior representation of Perry occurred in a joint representation in which Newman represented both SparkNet and Perry – before applying the substantial relationship test and ordering Newman's disqualification, reconsideration under Local Rule 7-18(c) is proper.

Contrary to Perry's argument, SparkNet does not dispute that the Court was aware of Newman's prior joint representation of SparkNet and Perry.  (See Opp'n to Pls.' Mot. for Recons. of Order of Disqualification ("Opp'n") at 4.)  Rather, SparkNet argues that the Court did not "consider" this material fact (i.e., take it into account prior

1   to reaching a decision).  Indeed, it appears that the Court specifically noted that

2   whether Perry's co-plaintiff in the prior litigation was SparkNet or SparkNet's

3   predecessor in interest was <u>not</u> "material because the issue is Newman's relation to

4   Defendant, not to Plaintiff."  (Order at 1 n. 2.).  But, under Ninth Circuit precedent,

5   Newman's relationship to SparkNet at the time of Newman's prior representation of

6   Perry is material and mandates a different result.  (<u>See</u> Pls.' Mem. of P. & A. in Supp.

7   of Mot. for Recons. of Order on Disqualification ("Opening Br.") at 5-7.)  The failure

8   to consider this material fact thus provides grounds for reconsideration under Local

9   Rule 7-18(c).

10          Moreover, Perry's citations to *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*,

11  318 F. Supp. 2d 968 (C.D. Cal. 2004), and *Aventis Pharms SA v. Amphastar*

12  *Pharmaceuticals, Inc.*, Nos. ED CV 03-887 RT (SGLx), ED CV 04-333 RT (SGLx),

13  2005 WL 5957795 (C.D. Cal. Mar. 25, 2005), are unavailing.  The courts in those

14  cases held that a motion for reconsideration under Local Rule 7-18 may not be made on

15  the grounds that a party disagrees with a court's application of the facts to the law and

16  thus denied reconsideration.  *See Pegasus Satellite Television*, 318 F. Supp. 2d at 981;

17  *Aventis Pharms*, 2005 WL 5957795, at *2.  This motion is not based on the

18  disagreement of an application of facts and law.  Rather, SparkNet bases its motion on

19  the grounds that the Court failed to even consider (and thus failed to even apply) the

20  fact of Newman's prior relationship with SparkNet to the law.[1]

21

22

23

24

25

---

26  [1]      Perry's citation to *Selectron Industrial Co. v. Selectron International*, No. CV

27  04-4146-PLA, 2007 WL 5193735 (C.D. Cal. Sept. 25, 2007), is similarly unhelpful
    because the Court there was discussing the propriety of a motion to reconsider under

28  Local Rule 7-18(b).  Here, Plaintiffs do not argue that any "new material facts" have
    emerged since the Order.

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

**B.**  **The Court Should Exercise Its Discretion To Grant SparkNet's Motion For Reconsideration Because Failure To Do So Would Result In Manifest Injustice.**

"Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F.Supp.2d 1231, 1251 (C.D. Cal. 2007).  Indeed, the court may even consider arguments raised for the first time on reconsideration to determine if reconsideration is appropriate. *See id.* at 1257-58 ("consider[ing] plaintiff's severability argument to determine if reconsideration [of order granting summary judgment was] appropriate," even though plaintiff "failed to raise this argument in opposing summary judgment when he could easily have done so"); *Pacific Bank*, 1988 WL 193275, at *1 ("It appears that the Court may have been under no obligation to entertain all of Steinberg's new arguments [in his reconsideration motion], but it was clearly within its discretion to do so . . . .").  So, even if SparkNet did not raise the argument that the substantial relationship test does not apply in opposition to Perry's Motion to Disqualify, SparkNet respectfully requests that the Court exercise its discretion to consider this argument now.

"In determining whether to exercise its authority [to reconsider interlocutory rulings at any time prior to final judgment]," the court should consider if the original decision was clearly erroneous or "whether a failure to do so will result in manifest injustice." *Thomas v. Housing Auth.*, No. CV 04-6970 MMM (RCx), 2005 WL 6136322, at *8 (C.D. Cal. Sept. 22, 2005); *see also Abada*, 127 F. Supp. 2d at 1102 ("[A] court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice.").  Here, the Order not only deprives SparkNet of its important right to counsel of choice, but also imposes substantial burdens:

> "[I]t must be kept in mind that disqualification usually imposes a substantial hardship on the disqualified attorney's innocent client, who must bear the monetary and other costs of finding a replacement. A client deprived of the attorney of his [or her] choice suffers a particularly heavy penalty where, as appears to be the case here, his attorney is highly skilled in the relevant area of the law."

*Zador Corp., N.V. v. Kwan*, 37 Cal. Rptr. 2d 754, 764 (Cal. Ct. App. 1995).  And, because Newman did not receive information from Perry that was not also known to SparkNet (*see* Opening Br. at 4-5), there is no confidential information relating to Perry that Newman could disclose to SparkNet and no prejudice to Perry in allowing Newman to continue representing SparkNet.  Thus, disqualification in these circumstances was clearly erroneous and resulted in manifest injustice to SparkNet.  For this reason, the Court should exercise its authority to reconsider the Order.

### C.   Disqualification Is Not Appropriate Where The Previous Representation Was A Joint Representation Involving The Current And Former Clients.

In *Christensen v. United States District Court for Central District*, 844 F. 2d 694  (9th Cir. 1988), the Ninth Circuit expressly "adopt[ed] the rule . . . that the substantial relationship test is inapplicable when the former client has no reason to believe that information given to counsel will not be disclosed to the firm's current client." *Id.* at 699.[2]  Here, Newman's prior representation of Perry occurred in a joint representation in which Newman represented both SparkNet and Perry in litigation relating to the Jack Marks.  Perry knew that whatever information, if any, was provided to Newman would be disclosed to SparkNet.  Indeed, one of the principal purposes of that joint representation was to facilitate the sharing of information between Perry and SparkNet.[3]  (See Opening Br. at 4 (citing provisions of Information Sharing Agreement).)  Under *Christensen*, the substantial relationship test is thus inapplicable because Perry had no reason to believe that any information he provided to Newman would not have been disclosed to SparkNet.  As in *Christensen*, Perry has no confidences that Newman could inappropriately disclose to SparkNet.

---

[2]     Perry's suggestion that this rule was limited to the "specific facts" in <u>Christensen</u> and was just an "idea" is disingenuous.  (Opp'n at 6-7.)

[3]     Perry's statement that he and his counsel Nogee "did not make disclosures to Newman with the expectation that Newman would share such confidences with SparkNet," (Opp'n at 7), is squarely contradicted by provisions in the Information Sharing Agreement.  (<u>See</u> Opening Br. at 4.).

In a transparent attempt to sidestep *Christensen*, Perry argues in response that he never consented to Newman's future representation of SparkNet in an action adverse to Perry "using confidential information gained in Newman's representation of the co-plaintiffs in the *Fisher* and *Bonneville* litigation." (Opp'n at 7-8.) Presumably, Perry is relying on Rule 3-310(E) of the Rules of Professional Conduct in arguing that Perry's consent was required. Rule 3-310(E) provides:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

Cal. Rule of Prof. Conduct 3-310(E). But Rule 3-310(E) is not applicable here because, as explained above, the information obtained from Perry is not considered "confidential." *See Arden v. State Bar*, 341 P.2d 6, 11-12 (Cal. 1959) (finding no violation of a predecessor rule to Rule 3-310(E) on the basis that information obtained by attorney who had jointly represented both parties to an adoption was not confidential "as between th[ose] parties"); *Croce v. Superior Court*, 68 P.2d 369, 369-70 (Cal. Ct. App. 1937) (finding that predecessor rule to Rule 3-310(E) was not applicable and sustaining trial court's holding that an attorney "who ha[d] represented several clients associated in a business enterprise, in the defense of an action involving their common interest" was not disqualified, and the law firm of which he later became a member was also not disqualified, "from after-wards representing one of those former clients as plaintiff in subsequent litigation instituted against his associates").

Moreover, Perry's reliance on *Zador Corp. v. Kwan*, 37 Cal. Rptr. 2d 754 (Cal. Ct. App. 1995), in arguing that his consent to Newman's continued representation of SparkNet was required, is misplaced. (<u>See</u> Opp'n at 8-9.) In *Zador*, the court examined the scope of a former client's consent in the context of jointly representing clients <u>in the same matter</u> whose interests posed a potential conflict that eventually developed into an actual conflict. *See Zador*, 37 Cal. Rptr. 2d at 762-63. In that

1  situation, which is not applicable here, Rule 3-310(C)(1) requires each client's

2  informed written consent.  Ironically, *Zador* also directly refutes Perry's contention

3  that the Court was within its discretion in applying the substantial relationship test to

4  the facts presented here (Opp'n at 6):

> [W]hen the prior representation involves joint clients, and the subsequent
> action relates to the same matter, the substantial relationship test adds
> nothing to the disqualification analysis. This is because a substantial
> relationship between the former representation and the subsequent action
> is <u>inherent</u> in such situations.

*Zador*, 37 Cal. Rptr. 2d at 759.

**D.    In the Alternative, Certification Of The Order Disqualifying Newman For Immediate Appeal Is Proper.**

If the Court should decline to reconsider its Order disqualifying Newman as

SparkNet's counsel, SparkNet respectfully requests that the Court enter an order

certifying this issue for immediate appeal.  As noted in its Opening Brief, whether an

order <u>granting</u> attorney disqualification is certifiable under 28 U.S.C. § 1292(b) is not

entirely clear in the Ninth Circuit.  (<u>See</u> Opening Br. at 7-8.)  Perry's statement that

"prevailing law in the Ninth Circuit . . . does not deem the question of attorney

disqualification a controlling one suitable for certification for appeal" is thus

misleading.  (Opp'n at 3.).  While the Ninth Circuit has held that an order <u>denying</u>

disqualification does not satisfy the requirements of 28 U.S.C. § 1292(b), it has not

explicitly decided whether certification of an order <u>granting</u> disqualification is proper.[4]

(<u>See</u> Opening Br. at 7-8.).  The Supreme Court, however, has noted in dicta that

certification may be appropriate in connection with an order of attorney

disqualification.  *See Christensen*, 844 F.2d at 697 n. 4 (citing *Richardson-Merrell Inc.*

*v. Koller*, 472 U.S. 424, 435 (1985)).

---

[4]    *Shurance v. Planning Control International, Inc.*, 839 F.2d 1347 (9th Cir. 1988),
cited by Perry, is distinguishable because there, the Ninth Circuit was considering
whether the <u>denial</u> of a disqualification motion could be certified for immediate appeal
pursuant to 28 U.S.C. § 1292(b).

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

Certification of the Court's Order disqualifying Newman is appropriate because it involves a "'controlling question of law'" and an immediate appeal "'may materially advance the ultimate termination of the litigation.'"  *Cole v. United States Dist. Court*, 366 F.3d 813, 817 n.4 (9th Cir. 2004) (citations omitted).  As one court explained in deciding that certification of an order granting disqualification was proper:

> The Court believes that the issues presented by the motion to disqualify are, in this sense, controlling, because enforcement of the order of disqualification will delay proceedings for several months while plaintiff's new counsel digest the files already familiar to counsel of record. Moreover, since plaintiff's present counsel participated in the investigation preceding this litigation, they likely would require less extensive discovery than new counsel less familiar with the underlying facts. The Court therefore believes that an appeal from the order of disqualification will not significantly retard, and may materially advance the prosecution of this litigation.

*E.F. Hutton & Co. v. Brown,* 305 F. Supp. 371, 403 (S.D. Tex. 1969).  For these very same reasons, SparkNet respectfully requests that this Court certify its Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

## III.    **CONCLUSION**

For all of the foregoing reasons, the Court should reconsider its Order and deny Perry's Motion to Disqualify.  In the alternative, the Court should certify this issue for immediate appeal to the Ninth Circuit Court of Appeals under 28 U.S.C. § 1292(b).

DATED: August 17, 2009              WILLENKEN WILSON LOH & LIEB LLP


By: */s William A. Delgado*                              .
    William A. Delgado
    Attorney for Plaintiffs
    SparkNet Holdings, Inc. and SparkNet
    Communications, L.P.

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Respectfully submitted this 17th day of August 2009.

DATED: August 17, 2009                    WILLENKEN WILSON LOH & LIEB LLP


                                          By: _/s William A. Delgado_____.
                                               William A. Delgado
                                               Attorney for Plaintiffs
                                               SparkNet Holdings, Inc. and SparkNet
                                               Communications, L.P.

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION