# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SPARKNET HOLDINGS, INC., et al., | No. CV 08-8510-GHK (PLAx) |
| Plaintiffs, | **MEMORANDUM AND ORDER RE: PARTIES' PROPOSED STIPULATED PROTECTIVE ORDER** |
| v. | |
| ROBERT PERRY, et al., | |
| Defendants. | |

The Court has received and considered the parties' proposed Stipulated Protective Order ("Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (for example, "blueprints," "customer lists," or "market surveys," etc.). It is not sufficient to use only conclusory terms such as "sensitive financial information" or "sensitive product information." (See page 3, at ¶ III(A)(1).)

Second, in the event of a dispute regarding the designation of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. (See pages 5-6, at ¶ III(E)). If the parties want to file the Joint Stipulation required by Local Rule 37 under

seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

Finally, the Court may only enter a protective order upon a showing of good cause. Phillips v. G.M. Corp., 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c) requires a showing of "good cause" for a protective order); Makar-Wellbon v. Sony Electronics, Inc., 187 F.R.D. 576, 577 (E.D.Wis. 1999) (even stipulated protective orders require good cause showing). The parties' stipulation fails to include any statements to demonstrate good cause for issuing the protective order. In any revised stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order. The paragraph containing the statement of good cause should be preceded by a heading stating: "GOOD CAUSE STATEMENT."

DATED: August 20, 2009

                                        PAUL L. ABRAMS  
                                UNITED STATES MAGISTRATE JUDGE