William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Plaintiff/Counterclaim Defendant
SPARKNET HOLDINGS, INC. and
SPARKNET COMMUNICATIONS L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPARKNET HOLDINGS, INC., a Nevada corporation, SPARKNET COMMUNICATIONS, L.P., a Nevada partnership,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT PERRY, an individual, KRIS SWEETON, an individual, INDIE RANCH MEDIA, INC., a Colorado corporation, NETMIX BROADCASTING NETWORK, INC., an unknown entity, and JOHN DOES 1-5;<br><br>Defendants. | Case No.: CV 08-08510 GHK (PLAx)<br><br>**COUNTERCLAIM DEFENDANT SPARKCOMM COMMUNICATIONS, L.P.'S ANSWER TO COUNTERCLAIM BY ROBERT PERRY** |

Counterclaim Defendant ("SparkComm") (collectively "SparkComm") hereby submits its Answer and Affirmative Defenses to the Counterclaim filed by Robert Perry ("Perry").[1]

**Jurisdiction and Venue**

1. SparkComm admits that the Court has jurisdiction over Plaintiff's complaint pursuant to 15 U.S.C. § 1121 but denies that the Court has jurisdiction over Perry's unrelated Counterclaim pursuant to that provision.

2. SparkComm denies that it has consented to the Court's jurisdiction and to this venue for purposes of Perry's Counterclaim.

**Facts**

3. SparkComm admits that Perry named JACK FM after a fictitious person, "Cadillac Jack" Garrett, a DJ who finally got his own radio station and, after years of being told what he was to play on-air, created a station where the motto was "playing what we want." Except as expressly admitted, SparkComm denies the allegations of Paragraph 3.

4. SparkComm admits that Perry applied for registration of the marks "PLAYING WHAT WE WANT" (U.S. Reg. No. 2,884,476) and "JACK.FM" (U.S. Serial No. 78/316/636 in October, 2003, based on first use dates of May 1, 2001. SparkComm admits that Perry had also used the mark "JACK." Except as expressly admitted, SparkComm denies the allegations of Paragraph 4.

5. SparkComm admits that, on December 22, 2003, Perry and Bohn and Associates Media, Inc. ("BohnCo") entered into a Memorandum of Agreement ("License Agreement") the terms of which are set forth therein. Except as expressly admitted, SparkComm denies the allegations of Paragraph 5.

---

[1] The only cause of action (for conversion) against SparkNet Holdings, Inc. ("SparkHold") was dismissed by the Court. Thus, no answer is required by that entity.

6. SparkComm admits that on or about June 7, 2005, BohnCo advised Perry that it had assigned its rights in the License Agreement to SparkComm on June 6, 2005. Except as expressly admitted, SparkComm denies the allegations of Paragraph 6.

7. SparkComm admits that on or about June 16, 2005, Perry and Plaintiffs entered into three agreements: (1) a "Trademark Assignment" between Perry and SparkHold, (2) a "Memorandum of Agreement" between Perry and SparkHold, and (3) a "Consulting Agreement" between Perry and SparkComm. Except as expressly admitted, SparkComm denies the allegations of Paragraph 7.

8. SparkComm admits that the terms of the Trademark Assignment are set forth therein. Except as expressly admitted, SparkComm denies the allegations of Paragraph 8.

9. SparkComm admits that the terms of the Memorandum of Agreement are set forth therein. Except as expressly admitted, SparkComm denies the allegations of Paragraph 9.

10. SparkComm admits that, pursuant to the Consulting Agreement, SparkComm retained the services of Perry for the purposes set forth in Section 1 of the Consulting Agreement, which includes consulting services and that the terms of the Consulting Agreement are set forth therein. Except as expressly admitted, SparkComm denies the allegations of Paragraph 10.

11. SparkComm admits that the Consulting Agreement contains a Minimum Compensation Provision, the terms of which are set forth in the Consulting Agreement. Except as expressly admitted, SparkComm denies the allegations of Paragraph 11.

12. SparkComm admits that the terms for the termination of the Consulting Agreement are contained therein. Except as expressly admitted, SparkComm denies the allegations of Paragraph 12.

13. SparkComm admits that a lawsuit was filed against Bonneville International Corp. for trademark infringement. Except as expressly admitted, SparkComm denies the allegations of Paragraph 13.

14. SparkComm admits that Newman & Newman represented SparkComm in this matter against Perry until such time as the Court ordered disqualification. Except as expressly admitted, SparkComm denies the allegations of Paragraph 14.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
### (Against Counterdefendant SparkNet Communications, L.P.)

15. SparkComm's responses to paragraphs 1 through 14 are incorporated by reference as if set forth in full.

16. SparkComm admits that SparkComm engaged Perry pursuant to a Consulting Agreement, the terms of which are set forth therein. Except as expressly admitted, SparkComm denies the allegations of Paragraph 16.

17. SparkComm admits that the Consulting Agreement contains a Minimum Compensation Provision, the terms of which are set forth in the Consulting Agreement. Except as expressly admitted, SparkComm denies the allegations of Paragraph 17.

18. SparkComm denies the allegations of Paragraph 18.

19. SparkComm denies the allegations of Paragraph 19.

20. SparkComm denies the allegations of Paragraph 20.

## SECOND CAUSE OF ACTION
## ACCOUNTING
### (Against Counterdefendant SparkNet Communications, L.P.)

21. SparkComm's responses to paragraphs 1 through 14 and 16 through 20 are incorporated by reference as if set forth in full.

22. SparkComm denies the allegations of Paragraph 22.

23.     SparkComm denies the allegations of Paragraph 23.

## Affirmative Defenses

By alleging the Affirmative Defenses set forth below, SparkComm does not agree or concede that it bears the burden of proof or the burden of persuasion on any of those issues, whether in whole or in part.  SparkComm hereby assert the following Affirmative Defenses to Perry's Counterclaim as follows:

### First Affirmative Defense

1.     Perry's Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2.     Perry's claims or recovery thereon are barred, in whole or in part, by the equitable doctrine of unclean hands.

### Third Affirmative Defense

3.     Perry's claims are barred, in whole or in part, by his failure to mitigate his alleged damages.

### Fourth Affirmative Defense

4.     Perry's claims are barred by the doctrines of laches, estoppel and waiver.

### Fifth Affirmative Defense

5.     SparkComm's obligations under the consulting agreement were/are excused as a result of Perry's non-performance.

//
//

### Sixth Affirmative Defense

6. SparkComm's obligations under the consulting agreement were/are excused as a result of Perry's breach and failure to cure.

### Seventh Affirmative Defense

7. SparkComm's obligations under the consulting agreement have been fully performed and/or are excused as evidenced by the parties' course of dealing.

### Eighth Affirmative Defense

8. This Court is an improper venue for the prosecution of Perry's Counterclaim.

### Additional Affirmative Defenses

SparkComm has not completed its investigation and discovery regarding the facts and claims asserted by Perry. Accordingly, SparkComm reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

//
//

WHEREFORE, SparkComm prays for judgment on Perry's Counterclaim as follows:

1. That Perry take nothing by way of his Counterclaim;
2. That the Counterclaim, and each and every purported claim for relief therein, be dismissed with prejudice;
3. That SparkComm be awarded the costs of suit incurred herein, including its attorneys' fees and expenses; and
4. For such other and further relief as the Court deems just and proper.

DATED: August 24, 2009                WILLENKEN WILSON LOH & LIEB LLP


By: */s William A. Delgado*                .
    William A. Delgado
    Attorneys for Counterclaim Defendant
    SparkNet Communications, L.P.

## DEMAND FOR JURY TRIAL

SparkComm hereby demands trial by jury on all issues so triable.

DATED: August 24, 2009                WILLENKEN WILSON LOH & LIEB LLP


By: */s William A. Delgado* .
    William A. Delgado
    Attorneys for Counterclaim Defendant
    SparkNet Communications, L.P.

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Respectfully submitted this 24th day of August 2009.

DATED: August 24, 2009                    WILLENKEN WILSON LOH & LIEB LLP


By: */s William A. Delgado*                    .
       William A. Delgado
       Attorneys for Counterclaim Defendant
       SparkNet Communications, L.P.